An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1103

Filed 5 August 2026

Chowan County, No. 23CVS000057-200

DOWN EAST HOMES OF BEULAVILLE, INC.

D/B/A/ DOWN EAST HOMES OF ELIZABETH CITY, Plaintiff,

v.

CONSTANCE WASHINGTON, Defendant.

Appeal by Defendant from judgment entered 7 August 2024 by Judge Jerry R. Tillett in Chowan County Superior Court. Heard in the Court of Appeals 9 June 2025.

*Baucom, Claytor, Benton, Morgan & Wood, PA, by Jonathan Salmons, for defendant-appellant.*

*White & Allen, PA, by John P. Marshall, for plaintiff-appellee.*

STADING, Judge.

Constance Washington ("Defendant") appeals from the trial court's denial of her N.C. Gen. Stat. § 1A-1, Rule 60(b) motion for relief from judgment. Defendant contends the trial court lacked subject matter jurisdiction to enter default judgment against her and as a result, the trial court improperly denied her Rule 60(b) motion for relief. For the reasons below, we affirm.

## I.    Background

This dispute arises from an alleged non-payment following the installation of a modular home on real property located at 313 Country Club Drive in Edenton, Chowan County.  The evidentiary record tends to show Down East Homes of Beulaville, Inc. d/b/a Down East Homes of Elizabeth City ("Plaintiff"), between October 2022 and March 2023, provided Constance Washington ("Defendant") with the materials and labor necessary for installing a modular home.  The parties had agreed that the home would be installed on a brick foundation and that it would be completed upon issuance of the certificate of occupancy.  To this effect, Plaintiff claimed that, following the installation, Defendant failed to provide the outstanding balance of $259,015.70.  As a result, on 4 April 2023, Plaintiff filed a claim of lien on the real property pursuant to N.C. Gen. Stat. § 44A-1 et seq.  It asserted that the claimed amount reflects the labor and material costs furnished for the improvement of Defendant's property.  Plaintiff's complaint sought (1) a money judgment against Defendant; and (2) enforcement of the lien through a sale of the subject real property.

Defendant's filings did not qualify as an answer, and default was entered against her on 2 August 2023.  Following the declaration that Defendant was in default, Plaintiff sought and obtained default judgment in the amount claimed, including authorization to enforce the lien against the real property.  Later,

Defendant moved to set aside the default judgment on the grounds that her prior filing, which she alleged constituted a responsive pleading, barred entry of default. On 2 November 2023, Plaintiff was first served the "Affidavit Stating Facts on Information and Belief," which Defendant claims had been lost by the superior court clerk. On 18 December 2023, the trial court denied Defendant's motion.

Thereafter, Plaintiff moved to initiate an execution sale against the real property. The execution sale, conducted by the Chowan County Sheriff's Office, occurred on 20 March 2024. Plaintiff bought the real property and the Sheriff's Office issued confirmation of sale on 9 April 2024. The Sheriff's Office later certified the conveyance with a Sheriff's Deed filed on 1 May 2024.

Defendant then moved for relief from judgment under Rule 60(b), seeking to set aside the default judgment and challenging the proceedings that ultimately led to the sale of her property. Plaintiff opposed relief and argued Defendant failed to: (1) establish any factual or legal basis entitling her to relief; (2) properly serve, sign, and verify an answer; and (3) obtain a stay or bond before the execution sale. On these grounds, Plaintiff claimed that Defendant was not entitled to any form of equitable relief. On 7 August 2024, the trial court denied Defendant's motion for relief from judgment, and this appeal followed.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2025). Specifically, Defendant appeals from the 18 December 2023 order denying

Defendant's motion to set aside default judgment and the 7 August 2024 order denying Defendant's motion for relief from judgment. Defendant filed two notices of appeal on 2 January 2024 and 21 August 2024.

We may review those rulings to the extent that Defendant's notice of appeal includes an appeal of intermediate orders leading to the default judgment and ultimate Rule 60(b) denial.[1] *See, e.g., Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156–57, 392 S.E.2d 422, 424 (1990). Additionally, N.C. Gen. Stat. § 1-278 (2025) permits the review of "any intermediate order involving the merits and necessarily affecting the judgment." Furthermore, Defendant's appeal includes a challenge to the trial court's exercise of subject matter jurisdiction. Such challenges may be raised at any stage of proceedings, even for the first time on appeal. *In re Triscari Children*, 109 N.C. App. 285, 288, 426 S.E.2d 435, 437 (1993).

Plaintiff moved to dismiss the appeal and argued Defendant's appeal is moot given that Defendant failed to obtain a stay or post a bond before the culmination of the execution sale of the real property. "In state courts the exclusion of moot questions from determination is not based on lack of jurisdiction but rather represents a form of judicial restraint." *Cape Fear River Watch v. N.C. Envtl Mgmt. Comm'n*, 368 N.C. 92, 100, 772 S.E.2d 445, 450 (2015) (citation omitted); *see also Knox*

---

[1] Defendant's pro se, second notice of appeal to this Court, filed 21 August 2024, provided: Defendant "hereby appeals to the Court of Appeals, The North Carolina Judicial Branch from each and every part of the Order [o]n Defendant's Motion Pursuant [t]o Rule 60[.]"

*v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307, 132 S. Ct. 2277, 2287 (2012) (cleaned up) (stating "a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party"). Generally, cases that have become moot should be dismissed. *Benvenue Parent-Teacher Ass'n v. Nash Cty. Bd. of Educ.*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969).

Where a judgment directs the sale of real property, appellants cannot stay execution unless they timely file the undertakings described therein. N.C. Gen. Stat. § 1-292 (2025) ("If the judgment appealed from directs the sale or delivery of possession of real property, the execution is not stayed, unless a bond is executed on part of the appellant[.]"). Notwithstanding this rule, the right to appeal is not always conditional upon whether a stay was sought, even if failure to do so may affect whether effective appellate review remains available after the property has been sold. *See, e.g., Faught v. Faught*, 50 N.C. App. 635, 274 S.E.2d 883 (1981). In this case, the Chowan County Sheriff's Office noticed the execution sale on 28 February 2024, conducted the sale on 20 March 2024, confirmed it on 9 April 2024, and filed a Sheriff's Deed conveying the property to Plaintiff on 1 May 2024.

Plaintiff relies on *In re Foreclosure of the Deed of Tr. of Hackley*, 212 N.C. App. 596, 713 S.E.2d 119 (2011) and similar cases to support its position that Defendant's appeal is moot. *Hackley*, however, primarily concerned N.C. Gen. Stat. § 45-21.29A, which expressly provides that the rights of the parties to a sale become fixed after the upset-bid period expires, thereby barring appeals. *Hackley*, 212 N.C. App. at 604,

713 S.E.2d at 124–25; N.C. Gen. Stat. § 45-21.29A (2025). Here, however, this case arises from an execution sale following a default judgment, and Defendant challenges the underlying default judgment and the denial of Rule 60(b) relief on the theory that default should not have been entered because she had filed a document she contends constituted an answer. *See* N.C. Gen. Stat. § 1A-1, Rule 55(a), 60(b) (2025); *Brown v. Am. Messenger Servs., Inc.*, 129 N.C. App. 207, 211–12, 498 S.E.2d 384, 387 (1998). This is a substantial distinction because an appeal is not moot when this Court can still grant relief. *Cf. Anderson v. N.C. State Bd. of Elections*, 248 N.C. App. 1, 6, 788 S.E.2d 179, 184 (2016) (citation modified) ("Therefore, as a general rule, 'whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed.'"); *Roberts*, 344 N.C. at 398–99, 474 S.E.2d at 787. Moreover, Plaintiff, and not a third-party purchaser, bought the property at the execution sale. *See Hackley*, 212 N.C. App. at 604, 713 S.E.2d at 124. While Defendant's failure to obtain a stay or bond under section 1-292 is relevant in limiting the forms of relief available, it does not preclude us from reviewing the default judgment or Rule 60(b) order. *See Faught*, 50 N.C. App. at 637, 274 S.E.2d at 885; *see also* N.C. Gen. Stat. § 1A-1, Rule 60(b)(4), (6). Accordingly, this Court has jurisdiction over the matter, and Plaintiff's motion to dismiss the appeal as moot is denied.

## III. Analysis

## A.   Subject-Matter Jurisdiction

Defendant first challenges whether the trial court had subject matter jurisdiction.  Specifically, Defendant asserts Plaintiff lacked standing to sue her due to: Plaintiff's failure to comply with N.C. Gen. Stat. §§ 66-71.1 *et seq.* and 1-69.1(a) by failing to file an "assumed business name" certificate; Plaintiff's failure to comply with N.C. Gen. Stat. § 1A-1, Rule 9(a) by failing to affirmatively plead its legal existence, capacity, and authority to sue under its assumed business name; and Plaintiff's failing to possess a legally protected interest in the matter because the contract identified "Down East Homes of Elizabeth City," and not "Down East Homes of Beulaville, Inc."

"For questions of subject matter jurisdiction, the standard of review is de novo, even when there is no right to appeal." *Harper v. City of Asheville*, 160 N.C. App. 209, 213, 585 S.E.2d 240, 243 (2003) (citation modified).  " 'Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal.' " *Fields v. H&E Equipment Services, LLC,* 240 N.C. App. 483, 486, 771 S.E.2d 791, 793–94 (2015) (citation omitted).  Challenges pertaining to standing may be raised at any stage of the proceedings. *In re Custodial Law Enf't Agency Recordings*, 287 N.C. App. 566, 576, 884 S.E.2d 455, 462 (2023) (citation modified) ("Standing is jurisdictional in nature and consequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of the

case are judicially resolved. Therefore, issues pertaining to standing may be raised for the first time on appeal, including sua sponte by the Court.").

Similarly, the question of whether N.C. Gen. Stat. § 66-71.1 deprived Plaintiff of standing presents questions of statutory interpretation and jurisdiction, both of which are reviewed de novo. *Id.* at 570, 884 S.E.2d at 458. The Assumed Business Name Act (the "Act") requires a person engaging in business under an assumed business name to file an assumed business name certificate. N.C. Gen. Stat. § 66-71.1 (2025); *see also id.* § 66-71.2 (2025) ("The purpose of this Article is to afford the public a means of ascertaining the real name of persons engaging in business in this State under an assumed business name by requiring those persons to register the assumed business name as provided in this Article."). In the event of failure to file, the Act provides:

> (b) A person failing to file an assumed business name certificate or a certificate of amendment as required by this Article is liable to any person injured by the failure for the reasonable expenses, including attorney's fees, incurred by the person in ascertaining, for a reasonable purpose, the information required to be stated in the assumed business name certificate or certificate of amendment. Notwithstanding this subsection, a person is not liable for expenses incurred caused by an error or ambiguity in describing the nature of the business in an assumed business name certificate under G.S. 66-71.5 or a certificate of amendment under G.S. 66-71.5.

*Id.* § 66-71.14(b) (2025). And under N.C. Gen. Stat. § 1-69.1(a) (2025):

> (1) All unincorporated associations, organizations or societies, or general or limited partnerships, foreign or

domestic, whether organized for profit or not, may sue or be sued under the name by which they are commonly known and called, or under which they are engaging in business, to the same extent as any other legal entity established by law and without naming any of the individual members composing it.

(2) Any judgments and executions against any such association, organization or society shall bind its real and personal property in like manner as if it were incorporated.

(3) Any unincorporated association, organization, society, or general partnership bringing a suit in the name by which it is commonly known and called must allege that it has filed an assumed business name certificate under Article 14A of Chapter 66 of the General Statutes.

The evidentiary record tends to show Plaintiff's complaint provided the caption: "DOWN EAST HOMES OF BEULAVILLE, INC. D/B/A DOWN EAST HOMES OF ELIZABETH CITY" as "Plaintiff," and the complaint's body alleged: "1. That [Plaintiff] Down East Homes of Beulaville, Inc. is a corporation organized under and existing by virtue of the laws of the State of North Carolina doing business as Down East Homes of Elizabeth City with a principal place of business being located in Beulaville, Duplin County, North Carolina." *See* N.C. Gen. Stat. § 1A-1, Rule 10. The corporate existence of Down East Homes of Beulaville, Inc. is undisputed. Therefore, the question centers on whether the inclusion of the assumed name was fatal to Plaintiff's complaint.

Rule 9 of the North Carolina Rules of Civil Procedure requires parties who are not natural persons to affirmatively state their legal existence and capacity. N.C.

Gen. Stat. § 1A-1, Rule 9(a) (2025) ("Any party not a natural person shall make an affirmative averment showing its legal existence and capacity to sue. Any party suing in any representative capacity shall make an affirmative averment showing his capacity and authority to sue."). Notably, however, Rule 9 does not require affirmative statements of a party's inability or lack of capacity to sue, that is, there is no requirement under Rule 9 which would require Plaintiff to disclose that their co-listed assumed name does not have capacity to sue since it is unregistered. Plaintiff's complaint properly provided an affirmative averment showing Down East Homes of Beulaville, Inc.'s legal existence and capacity to sue.

Rule 9 additionally requires parties challenging capacity to "do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." *Id.* Even if we were to take Defendant's later argument that her purported answer should have been treated as a timely and proper pleading as true, Defendant's affidavit acknowledged the capacity of the assumed business name by affirmatively stating "I [Defendant] . . . went into contract with Down East Homes of Beulaville, Inc, D/B/A Down East Homes of Elizabeth City (plaintiff) on October 26, 2021[.]" Nowhere in Defendant's purported answer did she challenge the capacity of Plaintiff or its assumed name.

Notwithstanding Plaintiff's compliance with Rule 9, both parties concede the assumed business name "Down East Homes of Elizabeth City" does not comply with section 66-71.4's filing requirements since Down East Homes of Beulaville, Inc. never

filed the assumed name with the register of deeds.  To this end, the Act provides penalties for when a person fails to file an assumed business name pursuant to it. *See* N.C. Gen. Stat. § 66-71.14(b).  A person not in compliance remains liable under the Act "to any person injured by the failure for the reasonable expenses, including attorney's fees, incurred by the person in ascertaining, for a reasonable purpose, the information required to be stated in the assumed business name[.]"  *Id.*   This provision under the Act provides the remedy and penalty for persons acting in violation under its registration obligations.  Absent from the Act, however, is a deprivation of standing should a Plaintiff not be in compliance with its provisions.  As pled, Plaintiff has adequately alleged its corporate existence as "Down East Homes of Beulaville, Inc.," and its inclusion of its assumed name "Down East Homes of Elizabeth City" did not defeat its standing.  *Cf., Highlands Tp. Taxpayers Ass'n v. Highlands Tp. Taxpayers Ass'n*, 62 N.C. App. 537, 538–39, 303 S.E.2d 234, 235–36 (1983) (interpreting N.C. Gen. Stat. §§ 1-69.1 (1983) and 66-69 (repealed)) ("As alleged in its complaint, plaintiff is an unincorporated association formed in 1973 . . . . [B]efore an unincorporated association may gain the privilege of instituting a lawsuit in its common name, first there must be recordation of necessary information[.]").  Accordingly, Defendant's arguments as to this point are overruled.

The last argument Defendant brings forth in asserting Plaintiff's lack of standing lies in the assertion that Defendant allegedly contracted with Down East Homes of Elizabeth City, and not with Plaintiff, and since there is no North Carolina

entity named "Down East Homes of Elizabeth City," no party has a legally protected interest in the matter. As discussed above, Plaintiff properly brought the lawsuit under both their incorporated and assumed name. As pertaining to standing, Plaintiff has a "legally protected interest" by virtue of being a party to, or beneficiary of, the contract, in upholding the district court's verdict. *Beachcomber Properties, L.L.C. v. Station One, Inc.*, 169 N.C. App. 820, 824, 611 S.E.2d 191, 194 (2005). Therefore, Defendant's argument on this issue is overruled.

## B. Default Judgment

Defendant next argues the trial court erred when it denied her motion to set aside entry of default pursuant to N.C. Gen. Stat. § 1A-1, Rule 55(d) (2025). Specifically, Defendant argues the trial court abused its discretion because Defendant's answer was sufficient to preclude entry of default. Defendant contends that the certificate of service requirement under N.C. Gen. Stat. § 1A-1, Rule 8 (2025) is not fatal, and Defendant maintains that since her affidavit directly responded to the complaint, this Court should treat it as an answer.

"A trial court's decision of whether to set aside an entry of default, will not be disturbed absent an abuse of discretion. A judge is subject to a reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Luke v. Omega Consulting Grp., LLC*, 194 N.C. App. 745, 748, 670 S.E.2d 604, 607 (2009) (citation modified). Pursuant to Rule 55(d), the trial court may set aside an entry of default "[f]or good cause shown." N.C. Gen.

Stat. § 1A-1, Rule 55(d). "What constitutes good cause depends on the circumstances in a particular case" and the "defendant carries the burden of showing good cause to set aside entry of default." *Luke*, 194 N.C. App. at 748, 670 S.E.2d at 607 (citation modified). To determine whether a defendant has shown good cause to set aside entry of default, our Courts consider the following: "(1) was defendant diligent in pursuit of this matter; (2) did plaintiff suffer any harm by virtue of the delay; and (3) would defendant suffer a grave injustice by being unable to defend the action." *Id.*

We first address whether Defendant's affidavit sufficed as an answer to Plaintiff's complaint. North Carolina Rules of Civil Procedure Rule 8 sets forth the general rules pertaining to pleadings. N.C. Gen. Stat. § 1A-1, Rule 8. While Rule 8(b) of the North Carolina Rules of Civil Procedure is liberal in its requirements of answers, demanding a Defendant only "state in short and plain terms" the defenses to each claim and admit or deny the allegations on which the opposing party relies, the court did not err in its judgment. N.C. Gen. Stat. § 1A-1, Rule 8(b) (2025). Rule 8(b) is not the only procedural requirement for answers: documents must still function as a pleading within the Rules of Civil Procedure. *See* N.C. Gen. Stat. §§ 1A-1, Rule 7(a), 8(e)(1), 8(f), 10(a), 11(a), 12(a)(1) (2025). Failure to comply with these requirements permits a Rule 55(a) entry of default in establishing that a party has failed to plead a defense. *See* N.C. Gen. Stat. § 1A-1, Rule 55(a) (2025).

Defendant's argument relies primarily on *Brown v. American Messenger Services Inc.*, where the Court held that a letter was a legally permissible answer

because, under the totality of the circumstances, the document was filed with the court and substantively responded to the complaint  129 N.C. App. at 211–13, 498 S.E.2d at 387–88.  While *Brown* relied on substance, it did not call for an elimination of the Rules' service requirements, nor did it hold that any filed narrative document automatically constitutes an answer. *Id.* at 212, 498 S.E.2d at 387.  The document in *Brown* answered the complaint by admitting liability and offering to satisfy the claim at issue. *Id.* at 209, 213, 498 S.E.2d at 386, 388.  Defendant's "Affidavit Stating Facts on Information and Belief," on the other hand, does nothing more than present her factual side of the story without properly admitting, denying, or challenging the facts or claims contained in Plaintiff's complaint. *See* N.C. Gen. Stat. § 1A-1, Rule 10 (2025).

We cannot say Defendant adhered to "minimal standards of compliance with the Rules of Civil Procedure[.]" *Harrison v. Harrison*, 180 N.C. App. 452, 455, 637 S.E.2d 284 (2006); *see also M.E. v. T.J.*, 380 N.C. 539, 569, 869 S.E.2d 624, 643 (BERGER, J., dissenting) ("The Rules of Civil Procedure either apply or they don't."). Pro se litigants must still follow court rules and procedure. *Shwe v. Jaber*, 147 N.C. App. 148, 149-52, 555 S.E.2d 300 (2001).  Defendant's pro se status at the trial level does not cure these defects, as the Rules of Civil Procedure "must be applied equally to all parties to a lawsuit, without regard to whether they are represented by counsel." *Goins v. Puleo*, 350 N.C. 277, 281, 512 S.E.2d 748, 751 (1999).

Finally, although Defendant argues the trial court improperly applied the "good cause" standard when denying her motion to set aside entry of default, the "affidavit" did not constitute an answer sufficient to preclude default. Defendant's premise, and her reliance on *Peebles v. Moore*, 302 N.C. 351, 275 S.E.2d 833 (1981), and *Fieldcrest Cannon Employees Credit Union v. Mabes*, 116 N.C. App. 351, 447 S.E.2d 510 (1994), is misplaced. Rule 55(d) provides: "For good cause shown the court may set aside *an entry of default*, and, if a judgment by default has been *entered*, the judge may set it aside in accordance with Rule 60(b)." N.C. Gen. Stat. § 1A-1, Rule 55(d) (emphasis added); *see also Hubbard v. Lumley*, 17 N.C. App. 649, 653, 195 S.E.2d 330, 333 (1973) (citation modified) ("An entry of default is to be distinguished from default judgment. An entry of default is only an interlocutory act looking toward the subsequent entry of a final judgment by default and is more in the nature of a formal matter; and a court might feel justified in setting aside an entry of default on a showing that would not move it to set aside a default judgment.").

Here, the clerk of court filed an entry of default on 2 August 2023, and default judgment was entered by the trial court on 9 October 2023. Defendant filed her Rule 55(d) motion to set aside default on 18 December 2023—after default judgment had been entered against her. Therefore, the good-cause factors otherwise governing relief from an entry of default do not control the motion to set aside the default judgment. *See Auto. Equip. Distribs., Inc. v. Petroleum Equip. & Serv., Inc.*, 87 N.C. App. 606, 608, 361 S.E.2d 895, 896 (1987); *Swan Beach Corolla, L.L.C. v. Cnty. of*

*Currituck*, 255 N.C. App. 837, 841–42, 805 S.E.2d 743, 746–47 (2017), *aff'd*, 371 N.C. 110, 813 S.E.2d 217 (2018). Accordingly, the trial court did not err in treating Defendant's affidavit as insufficient to preclude entry of default.

### C.    Motion for Relief from Judgment

Defendant argues the trial court's denial of her Rule 60(b) (1), (3), (4), and (6) was manifestly unsupported by reason because her answer should have been deemed proper and timely. This argument again primarily relies on the contention that her "Affidavit Stating Facts on Information and Belief" constituted an answer that the clerk of court either misplaced or failed to consider.

"The decision of whether to set aside an entry of default is within the sound discretion of the trial court. Likewise, our standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Cnty. of Mecklenburg v. Ryan*, 281 N.C. App. 646, 652, 871 S.E.2d 110, 115–16 (2022) (cleaned up). However, "whether neglect is excusable or inexcusable is a question of law and is reviewed by this Court de novo." *Judd v. Tilghman Med. Assocs., LLC*, 272 N.C. App. 520, 526, 847 S.E.2d 45, 49 (2020) (citation modified). Rule 60(b) provides:

> (b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. — On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovered evidence which by due diligence could

not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2025). Rule 60(b) is a more stringent standard than the one imposed under Rule 55(d)'s "for good cause shown" standard. *Brown v. Lifford*, 136 N.C. App. 379, 381–82, 524 S.E.2d 587, 588–89 (2000).

Defendant's first argument in invoking Rule 60 relates to Rule 60(b)(1), arguing that the clerk of court misplaced her answer, which constituted mistake, inadvertence, surprise, or excusable neglect. Even so, upon receiving notice of entry of default, Defendant was apprised of the mistake and failed to "give the matter the attention that a person of ordinary prudence gives to her important business." *Pepper v. Clegg*, 132 N.C. 312, 315, 43 S.E. 906, 907 (1903) (citation modified). Further, as discussed above, Defendant's shortcoming with regard to the affidavit does not rest on a clerical mistake but instead relates to her failure to serve and present a document that clearly functioned as an answer under the Rules of Civil Procedure.

- 17 -

*Cf. Brown*, 129 N.C. App. at 213, 498 S.E.2d at 388. Having already concluded Defendant failed to adequately produce and serve and answer in response to Plaintiff's complaint, Defendant's reliance on cases involving *served answers* is therefore not relevant to this case. *See Monteith v. Kovas*, 162 N.C. App. 545, 546, 594 S.E.2d 787, 787–88 (2004); *Moore v. Sullivan*, 123 N.C. App. 647, 649, 473 S.E.2d 659, 660 (1996); *Quaker Furniture House, Inc. v. Ball*, 31 N.C. App. 140, 141–42, 228 S.E.2d 475, 476 (1976).

Similarly, Defendant's Rule 60(b)(3) argument is unpersuasive. Rule 60(b)(3) requires a showing that the judgment at issue was procured through fraud, misrepresentation, or misconduct that prevented the moving party from presenting a meritorious defense. *See Milton M. Croom Charitable Remainder Unitrust v. Hedrick*, 188 N.C. App. 262, 268, 654 S.E.2d 716, 721 (2008). Defendant maintains the affidavit submitted in response to Plaintiff's complaint sufficiently alleged meritorious defenses since it alleges some facts which could support a defense. But, again, Defendant's affidavit sets forth no affirmative pleadings. Pursuant to Rule 8, "mere assertion of a grievance will not suffice . . . the pleader must plead with sufficient particularity to identify the legal issues and allow the other party to frame a responsive pleading." *Smith v. Charlotte*, 79 N.C. App. 517, 527–28, 339 S.E.2d 844, 851 (1986).

Next, Defendant's Rule 60(b)(4) argument fails on the basis that a judgment cannot be void where the superior court had subject matter jurisdiction, personal

jurisdiction, and the authority to enter judgment after Defendant failed to plead. *See Ottway Burton, P.A. v. Blanton*, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992). Because subject matter jurisdiction has been demonstrated above, personal jurisdiction is undisputed, and Defendant's affidavit was not a valid answer, the trial court did not abuse its discretion in denying Defendant's Rule 60(b) motion on this basis.

Finally, Defendant did not establish extraordinary circumstances under Rule 60(b)(6). Rule 60(b)(6) is equitable and applies only where extraordinary circumstances exist and justice demands relief. *Goodwin v. Cashwell*, 102 N.C. App. 275, 278, 401 S.E.2d 840, 842 (1991); *Milton M. Croom*, 188 N.C. App. at 269, 654 S.E.2d at 721. "The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted." *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987) (citation omitted). "Relief should be forthcoming only where both requisites exist." *Huggins v. Hallmark Enters., Inc.*, 84 N.C. App. 15, 25, 351 S.E.2d 779, 785 (1987) (citation modified). None of Defendant's arguments made at trial pertaining to her Rule 60(b)(6) argument demonstrated the applicable standing for relief. *Burton v. Sea Captain Properties, Inc.*, 96 N.C. App. 485, 488, 386 S.E.2d 58, 60 (1989). Here, the trial court could reasonably conclude that Defendant's predicament resulted from her own procedural failures, including the failure to serve a proper answer and to

seek relief before default judgment was entered. *See Howard v. Williams*, 40 N.C. App. 575, 580, 253 S.E.2d 571, 574 (1979). Accordingly, the denial of Defendant's Rule 60(b) motion for relief from judgment was proper.

## IV. Conclusion

For the foregoing reasons, Plaintiff had standing to bring forth its lawsuit against Defendant and therefore the trial court had jurisdiction over the action. The trial court did not abuse its discretion in denying Defendant's Rule 55(d) or Rule 60(b) motions since Defendant failed to adequately file a responsive pleading to Plaintiff's complaint.

AFFIRMED.

Judges GRIFFIN and FREEMAN concur.

Report per Rule 30(e).